# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **ROSALEE ZARROW,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. 3:25-cv-01148 |
| **v.** ) | |
| ) | **Judge Trauger** |
| **ROBERTSON COUNTY SHERIFF'S** ) | **Magistrate Judge Holmes** |
| **DEPARTMENT,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Rosalee Zarrow, a resident of Ardmore, Pennsylvania, filed this pro se action[1] against the Robertson County Sheriff's Department, Deputy Nate Miller, Public Information Officer Jessica Draker, and Forensic Scientist Melissa Kingamen, alleging violations of Plaintiff's civil rights. (Doc. No. 1). The court must first resolve the matter of the filing fee.

## I. FILING FEE

The court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. *Adkins*, 335 U.S. at 339; *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Foster*, 21 F. App'x at 240. Proceeding in forma pauperis is a privilege, not a right, and

---

[1] Plaintiff remedied the signature deficiency of her complaint on March 24, 2026. (Doc. No. 8).

1

"[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." *Id.*

Plaintiff's Application for Leave to Proceed In Forma Pauperis ("IFP Application") demonstrates that Plaintiff cannot afford to pay the civil filing fee in this case without undue hardship. (Doc. No. 9). Accordingly, her request for pauper status is **GRANTED**.

## II. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

The court must dismiss any action filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In doing so, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here, Plaintiff alleges that in "April 2023" she was pulled over in Robertson County, Tennessee and charged with driving under the influence on "more than one occasion." (Doc. No. 1 at 4). She alleges that she was not under the influence on any of those occasions. When she was pulled over, Defendant Miller pulled Plaintiff out of her car, causing her emotional distress and "a

2

physical injury by being scared of police officers touching and grabbing [her] from vehicles." (*Id.* at 6). She lost her employment with Uber as a result of what Plaintiff calls two false Driving Under the Influence charges. She believes that Defendants Kingaman and Drake contributed to the "fake charges" and loss of the Uber job.

Plaintiff asserts claims under 42 U.S.C. § 1983. "There are two elements to a [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)).

The statute of limitations for a Section 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claims arise." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). The limitations period for Section 1983 actions arising in Tennessee is the one-year limitations provisions found in Tennessee Code Annotated § 28-3-104(a). *Porter v. Brown*, 289 Fed. Appx. 114, 116 (6th Cir. 2008). "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Claims accrue and the statute of limitations period begins to run when the plaintiff knows or has reason "to know of the injury which is the basis of his action." *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005). This inquiry is objective, and courts look "to what event should have alerted the typical layperson to protect his or her rights." *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000). It is the Court's responsibility to "determine whether the alleged precipitating event or events occurred more than a year before [the plaintiff] filed the complaint." *Standridge v. Tenn. Dep't of Children's Servs.*, No. 3:08-CV-133, 2009 WL 348782, at *7 (E.D. Tenn. Feb. 10, 2009).

Here, Plaintiff filed her complaint on October 7, 2025. (*See* Doc. No. 1). The claims set forth in the complaint arise from incidents that occurred, by Plaintiff's own admission, in April of 2023. (*Id*. at 4). There is nothing in the complaint suggesting that Plaintiff would not have known or did not have reason to know of the claimed injuries which are the basis of her action well before October 7, 2025. Thus, Plaintiff's claims are barred by the governing one-year statute of limitations for Section 1983 claims in Tennessee.

Furthermore, this lawsuit appears to be a duplicate of an earlier lawsuit filed by Plaintiff in this Court. *See Rosalee Zarrow v. Robertson County Sheriff's Dep't, et al*., Case No. 3:25-cv-00361 (Campbell, C.J., presiding). In that case, Plaintiff made the same general allegations against the same defendants as in this case (including the allegation that she lost her Uber job as a result of the allegedly false DUI charges), but the earlier-filed complaint alleged the traffic stops occurred on August 24, 2022 and August 26, 2022. By Memorandum Opinion and Order entered on July 23, 2025, the court dismissed that case as Plaintiff's Section 1983 claims were filed outside the governing statute of limitations period. (*Id*., Doc. No. 13). Plaintiff filed the instant lawsuit a few months later, alleging the traffic stops occurred on unspecified dates in April 2023. While it is possible that the instant lawsuit concerns additional traffic stops by the exact same police officer in the exact same county during a different month and year, in the opinion of this court, it appears more likely that Plaintiff filed the instant lawsuit and provided a different and purposefully vague date in an attempt to obtain a different result than the one she obtained in her earlier-filed lawsuit.

### III. CONCLUSION

Plaintiff's Section 1983 claims were filed outside of the governing one-year statute of limitations and are therefore **DISMISSED**.

To the extent that the complaint alleges any state law claims (*see* Doc. No. 1 at 3), the court declines to exercise supplemental jurisdiction over those claims, having dismissed Plaintiff's federal claims. Those claims are **DISMISSED WITHOUT PREJUDICE** to be refiled in state court, if appropriate. The court makes no representations as to the validity or timeliness of such claims.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

5